UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. _____

| | | |
|---|---|---|
| Cathy Johnson, | | * |
| | Plaintiff | * |
| | | * |
| vs. | | * |
| | | * |
| Frederick J. Hanna & Associates, PC, | | * |
| | Defendant | * |

*****************************************

## **_COMPLAINT AND DEMAND FOR JURY TRIAL_**

### *I. INTRODUCTION*

1. This is an action for actual and/or statutory damages brought by Plaintiff, Cathy Johnson, an individual consumer, against Frederick J. Hanna & Associates, PC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### *II. JURISDICTION*

2. Jurisdiction of this Court arises under 15 U.S.C. Section 1692k (d) and 28 U.S.C. Section 1337. Declaratory relief is available pursuant to 28 U.S.C. Sections 2201 and 2002. Venue in this District is proper in that the Defendant transacted business here and the conduct complained of occurred here.

### *III. PARTIES*

3. Plaintiff, Cathy Johnson, is a resident of 309 Hillman Street, New Bedford, Massachusetts 02740.

4. Defendant, Frederick J. Hanna & Associates, PC is engaged in the business of collecting debt in this state with its principal place of business located at 1655 Enterprise Way, Marietta, GA 30067. A principal purpose of Defendant is the collection of debts and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumer using the mail and

telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a (6).

## *IV. FACTUAL ALLEGATIONS*

6. On or about July 12, 2007, the Defendant mailed the Plaintiff a letter, a copy of which is attached hereto and marked "A". The letter sought to collect a consumer debt owed by the Defendant to Bank of America.

7. On or about July 27, 2007, the Defendant mailed the Plaintiff a response, a copy of which is attached hereto and marked "B". The Plaintiff's letter of July 27, 2007 was sent via certified mail, return receipt requested. The Plaintiff's letter was received by the Defendant on August 6, 2007 as indicated by the Postal Services' green card, a copy of which is attached hereto and marked "C".

8. The Plaintiff's letter of July 27, 2007 requested that the Defendant stop communications with her pursuant to 15 USC Section 1692 c (c).

9. On August 24, 2007, the Defendant again wrote to the Plaintiff after receipt of the Plaintiff's letter. A copy of the Defendant's correspondence is attached as Exhibit "D".

10. Notwithstanding the Plaintiff's request that the Defendant cease communications with her, an employee of the Defendant called her at her place of employment on September 26, 2007. The bill collector from the Defendant threatened to serve the Plaintiff at her place of employment.

11. The Defendant again called the Plaintiff at her place of employment sometime during the week of October 1, 2007.

## *V. CLAIM FOR RELIEF*

12. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 11.

13. The Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. The Defendant violated Section 1692c (c) by continuing to contact the Plaintiff after being notified in writing to cease communications.

    b. The Defendant violated Section 1692c (a) (1) by containing the Plaintiff at

      her place of employment.

   c.     The Defendant violated Section 2692 (e) by threatening to serve the Plaintiff at her place of employment.

   d.     The Defendant is apparently a for profit corporation organized under the Laws of the State of Georgia and not a professional corporation. The Defendant violated Section 1692 (e) (30 by falsely representing in its two letters to the Plaintiff that the Defendant was a law firm rather than a for profit business corporation.

14.    As a result of the foregoing violations of the FDCPA, the Defendant is liable to the Plaintiff, Cathy Johnson, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney's fees.

Wherefore, Plaintiff, Cathy Johnson, respectfully requests that judgment be entered against the Defendant, Frederick J. Hanna & Associates, PC, for the following:

1.    Declaratory judgment that Defendant's conduct violated the FDCPA;

2.    Actual damages;

3.    Statutory damages pursuant to U.S.C. Section 1692k;

4.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. Section 1692k; and
5.    For such other and further relief as the Court may deem just and proper.

### *DEMAND FOR JURY TRIAL*

Please take notice that Plaintiff, Cathy Johnson, demands trial by jury in this action.

                                  Cathy Johnson
                                  By her Attorney,

Dated: January 9, 2008              /s/ Roger Stanford
                                         Roger Stanford, Esq.
                                         STANFORD & SCHALL
                                         100 Eighth Street
                                         New Bedford, MA 02740
                                         (508) 994-3393
                                         BBO#: 476600